# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

NATIONAL GENERAL INSURANCE COMPANY,

    Plaintiff,

v.

GARY ALDERSON ,

    Defendant.
_____

GARY ALDERSON ,

    Counter-Complainant

v.

NATIONAL GENERAL INSURANCE COMPANY,

    Counter-Defendant.

CASE NO. 17CV866 WQH-JMA

ORDER

HAYES, Judge:

    The matter before the Court is the motion to dismiss the first amended class action and representative action counter-complaint filed by Plaintiff and Counter-Defendant National General Insurance Company. (ECF No. 21).

## I. Background facts

On April 28, 2017, Plaintiff National General Insurance Company ("National General") filed a Complaint for Declaratory Relief in this district court seeking a judgment "declaring that National General properly offered to pay for the physical repairs to a "2014 Mercedes Benz Sprinter Van" ("the Van") under a personal auto policy issued to Defendant Gary Alderson. (ECF No. 1). National General alleges that Alderson was involved in a three car collision resulting in physical damage to the Van, that Alderson reported the accident to National General, and that Alderson and National General agreed upon a repair shop. National General alleges that checks were sent to the repair shop to cover the cost of parts and repairs to the Van, and that the body shop advised National General that Alderson advised the body shop not to proceed with the repairs. National General alleges that counsel for Alderson has notified National General that National General has an obligation to pay Alderson for his loss of use and diminished value of the Van. National General alleges that the checks issued payable to Alderson and the lienholder for the Van represent the undisputed amount owed under the Policy to repair the physical damage to the Van.

On June 23, 2017, Alderson filed an Answer to the Complaint.

On August 18, 2017, Alderson filed a "First Amended Class Action and Counter-Complaint for Damages, Equitable, and Injunctive Relief" ("the Counter-Complaint"). (ECF No. 19). In the Counter-Complaint Alderson alleges that National General improperly refused to deem his vehicle a "total loss" when National General failed to compensate him for the diminished value of the vehicle.[1] Alderson alleges that National General engaged in fraud, misrepresentation and deceit by marketing its policies to cover "losses and damages" when National General only intended to cover repair costs. Alderson brings the following counterclaims: 1) unlawful, unfair and fraudulent business practices under Business and Professional Code § 17200 et seq. and §17500

---

[1] The Counter-Complaint describes the covered vehicle as a "2014 Winnebago ITASCA ERA 170 XL Motorhome." (ECF No. 19 at 5).

et seq., 2) negligent misrepresentation, 3) breach of express contract and the covenant of good faith and fair dealing, and 4) fraud, misrepresentation, and deceit.

On September 9, 2017, National General filed a motion to dismiss the amended class action and representative counterclaim under Fed. R. Civ. P. 12(b)(6). Alderson filed a response in opposition and National General filed a reply.

**II. Contentions of the Parties**

National General contends that it has the right to make the election of whether to pay to repair the vehicle or to pay for a total loss under the terms of the policy. National General contends that Alderson has no cognizable claim against National General because National General has paid the cost of repairs. National General asserts that the policy specifically states that coverage does not apply to "diminution in value" and includes a subrogation right that vests once National General makes a payment under the policy and the insured has a right to recover damages from a third party. National General asserts that the express policy terms allow National General to elect to repair the Van or declare it a total loss and to limit its liability to the amount necessary for physical repairs and decline to pay for economic losses, including loss of use and diminution in value. National General asserts that Alderson has failed to allege facts to support the claims in the Counter-Complaint.

Alderson contends that National General deceives the general public by selling contracts to repair vehicles under the guise of an insurance policy. Alderson asserts that an insurance policy that indemnifies the insured for "loss" is not the same as a contract which provides only repair costs. Alderson asserts that an insurance policy that excludes the obligation to indemnify for "diminution of value" does not cover "loss" to the insured. Alderson contends that a policy that excludes "diminution of value" amounts to fraudulent business practices, fraud, and misrepresentation. Alderson asserts that providing the cost of repairs does not comply with National General's obligation to indemnify him for his "loss."

**III. The Policy**

The relevant Policy[2] provisions in this case state:

> **DEFINITIONS** . . . The following definitions are added to the DEFINITIONS section of the policy:
> L. "Actual cash value" means the fair market value of the stolen or damaged property at the time of "loss".
> M. "Diminution in value" means the actual or perceived reduction, if any, in the market value of a vehicle by reason of the fact that it has been damaged and repaired.
> N. "Loss" means sudden, direct and accidental destruction or damage. "Loss" does not include "Diminution in value".
> **IV. Part D – COVERAGE FOR DAMAGE TO YOUR AUTO**
> A. Paragraph A. of the Insuring Agreement is deleted and replaced with the following:
> We will pay for direct and accidental "loss" to "your covered auto" . . . minus any applicable deductible. . .
> D. Our liability for the cost of repairing "your covered auto" is limited to the amount necessary to perform physical repairs to your stolen or damaged property. **Part D – COVERAGE FOR DAMAGE TO YOUR AUTO** does not cover, and we will not pay for, "diminution in value". . .
>
> **PAYMENT OF LOSS**
> We may pay for loss in money or repair or replace the damaged or stolen property . . .

## IV. Applicable Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550

---

[2] The Policy is attached to the Complaint and the provisions cited are not disputed by Alderson.

U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

## V. Analysis

In the third claim for relief for breach of contract, Alderson alleges that National General agreed to insure him for "all losses and damages arising from and related to the damages to his Vehicle as a result of a collision subject only to an agreed upon deductible." (ECF No. 19 at 27). Alderson alleges that National General was obligated to act in good faith and to deal fairly with him. Alderson alleges that any clauses that limit liability to the repair costs are void and unenforceable under public policy. Alderson alleges that National General was obligated to repair his vehicle to its "original pre-accident condition" and to pay the "pre-incident actual value for the vehicle." *Id.* at 28.

A plaintiff must identify some contractual provision that has been breached in order to state a claim for breach of contract. *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d 822, 830-31 (1968). "Interpretation of an insurance policy is a question of law." *Baldwin v. AAA Northern California, Nevada & Utah*, 204 Cal Rptr. 3d 433, 437 (Ct. App. 2016). In this case, Alderson does not identify a contractual provision breached or the factual basis for any breach. The policy provisions state that National General has the right to elect to repair and specifically exclude diminution in value from the definition of loss. "It is well established principle that an insurer has the right to limit policy coverage in plain and understandable language and that it may limit the nature of the risk it undertakes to assume." *Carson v. Mercury Ins. Co.* 148 Cal. Rptr. 3d 518, 532 (Ct. App. 2012). There are no facts alleged in the Counter-Complaint to support a claim

for express breach of contract or breach of the covenant of good faith and fair dealing. The allegations that National General elected to pay the repair costs and failed to pay "diminution in value" do not support a claim for improper claims handling given the express provisions of the policy.

The Counter-Complaint includes claims for deceptive business practices, misrepresentation, and fraud. Each of these claims allege that National General was not entitled to offer a policy which reserves the right to elect to repair, or a policy which excludes diminution in value from the recovery for "loss." *See* ECF No. 19 at 21 ("To the extent any provision of any insurance policy purports to provide the insurance company any 'exclusion' of coverage for 'diminution of value'. . . such expressed contractual provision is void as a matter of law.") Each of these claims rely solely upon assertions of bad faith and contract provisions against public policy.

In *Carson*, the state court affirmed judgment in favor of Mercury Insurance stating "the insurer has the right to limit the nature of the risk it undertakes to assume. It limited the policy's coverage in plain and understandable language to exclude payments for diminution in value. We cannot say this exclusion is against the public good because Carson did not pay Mercury premiums for this added form of coverage." 148 Cal Rptr. 3d at 533; *See Baldwin*, 204 Cal App. 3d at 442 ("Appellant alleges only that the repairs AAA directed did not restore his pickup to its 'original' pre-accident condition, and his only specific factual allegation on this point is that AAA refused to compensate him for the decline in . . . future resale value. . . [W]e reject Appellant's argument that the exclusion [for depreciation in value] violated public policy and was void."), *Ray v. Farmer Ins. Exch.*, 246 Cal. Rptr. 593, 596 ( Ct. App. 1988) ("To hold Farmers liable for the automobile's diminution in value would . . . render meaningless its clear right to elect to repair rather than to pay the actual cash value of the vehicle at the time of the loss."). This Court concludes that the facts alleged in support of these claim fail to state a claim for deceptive business practices, misrepresentation, or fraud.

IT IS HEREBY ORDERED that the motion to dismiss the first amended class

action and representative action counter-complaint filed by Plaintiff and Counter-Defendant National General Insurance Company (ECF No. 21) is granted without prejudice.

DATED: January 2, 2018

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge